UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ELLIOTT HOLLY,

Petitioner,

v.

RICK HARRY,

Respondent.

Civil File No. 00-1019 (JMR/FLN)

**REPORT AND RECOMMENDATION**

---

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's Application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the Petition for Writ of Habeas Corpus be SUMMARILY DISMISSED pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

Petitioner is incarcerated at the Minnesota Sexual Psychopathic Personality Treatment Center, ("MSPPTC"), in Moose Lake, Minnesota. The proceedings that led to Petitioner's current confinement are not explained in his current petition, and it does not appear that he is challenging those proceedings here. Instead, Petitioner is seeking habeas relief based solely on the nature and circumstances of his confinement at MSPPTC.

---

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

FILED APR 25 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

Petitioner alleges that he was placed in some form of segregated holding cell at MSPPTC on February 23, 1999. He apparently was "sentenced" to such confinement for 100 days, as punishment for an assault that he was found to have committed. (Petition, [Docket No. 1], p. (2), ¶ 4.) He further alleges that he has now been in the segregated confinement cell for more than 400 days. (Id.)

Petitioner claims (i) that he is being "illegally confined," (ii) that his ongoing confinement in the segregated holding cell is "double jeopardy," and (iii) that he has been denied a court hearing and an attorney. (Id., p. (2), ¶ 5, p. (3); ¶ 11.(a)(3).) He is requesting "a court order to be placed into treatment, released from protective isolation or completely discharged from MSPPTC." (Id., p. (2); p. (7).)[2]

The petition makes no mention of any state court proceedings, except for an obscure reference to an "appeal" in Carlton County. (Id., p. (3), ¶ 9(e).) Although Petitioner has provided no information about the nature of that proceeding, (if there actually was one), his petition does clearly indicate that no appeal was taken in that matter. (Id., p. (4), ¶ 11(c).)

## II. DISCUSSION

It is well established that a federal court may not entertain a petition for a writ of habeas corpus on behalf of a person in state custody unless that person has first

[2] It appears that Petitioner properly elected to pursue his current claims in a habeas corpus proceeding, rather than by filing a civil rights complaint seeking relief under 42 U.S.C. § 1983, because outright release from custody seems to be his primary objective in this action. See Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973) (habeas corpus is the proper federal remedy for a state prisoner who is challenging the fact or duration of his confinement).

exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1731 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by individuals in state custody. O'Sullivan, 119 S.Ct. at 1731; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

To exhaust his state court remedies, a prisoner must fairly present all of his constitutional claims to the highest available state court before seeking relief in federal court. O'Sullivan, supra; Duncan, supra; McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court"). Because federal courts will not entertain habeas petitions that contain unexhausted claims, such petitions are subject to summary dismissal under Rule 4.

In this case, it is readily apparent that Petitioner has not satisfied the exhaustion of state court remedies requirement. As previously noted, it is not clear from the present record whether any of Petitioner's current claims for relief have been raised in any kind of state court proceeding. (Petition, p. (4), § 11.(b).) However, even if Petitioner did raise some or all of his current claims in some type of proceeding in the Carlton County District Court, (see id., p. (3), ¶ 9(e)), he still has not satisfied the exhaustion requirement, because – according to his petition -- he has never presented any claims to any Minnesota appellate court. (Id., p. (2), ¶ 8; p. (4), ¶ 11.(c).) "Because the exhaustion doctrine is

designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 119 S.Ct. at 1732, (emphasis added). Because it clearly appears on the face of the petition that Petitioner has not raised any of his current claims for relief in any Minnesota appellate court, this Court concludes that he has not satisfied the exhaustion of state remedies requirement. His present federal habeas corpus petition must therefore be summarily dismissed for non-exhaustion.

The Court cannot determine, based on the limited information provided in the petition, whether there are any remedies still available under Minnesota state law for the claims that Petitioner is presently attempting to raise.[3] The Court will therefore give Petitioner the benefit of the doubt, and recommend that his petition be dismissed without prejudice. That will allow Petitioner to return to the state courts and attempt to exhaust the claims that he has tried to present here. After exhausting his state court remedies, Petitioner can return to federal court, (if necessary), with a new habeas corpus petition. He must bear in mind, however, that the federal court will entertain only those

---

[3] It appears that Petitioner may be able to raise his claims in a habeas corpus petition filed in the state district court for the county where he is confined. See Minn.Stat. § 589.01 et seq.; see also, State ex rel. Anderson v. U.S. Veterans Hospital, 128 N.W.2d 710, 714 (Minn. 1964) (recognizing that a civilly committed patient may challenge the constitutionality of his confinement through state habeas corpus procedures). It should also be noted that a trial court order denying a state habeas corpus petition can be appealed to the Minnesota Court of Appeals and the State Supreme Court. Minn.Stat. § 589.29; Minn. R. App. P. Rule 117 (providing for discretionary review by the Minnesota Supreme Court).

constitutional claims that have previously been fairly presented to, and decided on the merits by, the Minnesota Supreme Court.

Finally, the Court notes that Petitioner did not pay the $5 filing fee for his petition, (see 28 U.S.C. § 1914(a)), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Because Petitioner has failed to state a habeas corpus claim on which relief can be granted, his IFP application must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

(1) Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

(2) Petitioner's Application for a Writ of Habeas Corpus, (Docket No. 1), be **DISMISSED WITHOUT PREJUDICE**.

DATED: April 24, 2000

[signature]

FRANKLIN L. NOEL,
Chief Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by 5-10-00, a writing which specifically identifies those portions of this Report to which objections are

made and the basis of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.